[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This limited contested dissolution of marriage action comes before the court having a return date of April 9, 2002.
The plaintiff appears through counsel, and the defendant pro se. The court makes the following findings pursuant to the evidence submitted by the parties:
The parties were married on June 21, 1997 in Newington, Connecticut. They are residents of the state of Connecticut and have been so for the statutory period. There is one minor child issue of this marriage, to wit: Gavin J. Burns born March 17, 1999. The other allegations of the complaint have been proven, including the fact that the marriage has broken down irretrievably.
The parties have been married a relatively brief time, and had a child shortly after their marriage. There is a substantial disparity in age between the plaintiff and the defendant, the plaintiff having been born in 1957 and the defendant was born in 1974. The plaintiff appears to be a CT Page 10552 mature responsible woman who is employed by the State of Connecticut and has an excellent work history and substantial earning potential. Her income is accurately reflected on her financial affidavit. The defendant is unemployed at present and has a marginal work history. His earning capacity is found to be approximately $7.00 per hour. The defendant has some history of emotional and psychological difficulties as well as substance abuse. The plaintiff has alleged that he does have an issue with anger which the court finds to be the case. The defendant however is genuinely attached to his child and shows an interest in both maintaining a relationship with the child and financially supporting his child.
After having considered the statutory criteria the court makes the following findings and orders:
The marriage of the parties is hereby dissolved. The court orders that the plaintiff have sole legal custody of the minor child. That custody will be subject to reasonable rights of visitation in the defendant. Said visitation will occur initially in the presence of the mother or at such other appropriate place as may be found by the parties where there may be adequate supervision to protect the well being of the child. As conditions precedent to his enjoying unsupervised visitation, the father shall undergo a drug screening test and shall engage in counseling and/or therapy as is appropriate for his bipolar and manic depressive condition. He shall also undergo whatever alcohol, anger management and/or drug counseling is deemed to be appropriate by a qualified professional.
The defendant shall pay child support to the plaintiff in the amount of $41.00 per week in accordance with his earning capacity which is found to be $7.00 per hour. That order shall be effective thirty days from the date of this judgment; He is further to notify the plaintiff upon his obtaining employment and to cooperate in the preparation of a financial affidavit and a child support guidelines worksheet. The defendant shall make an appropriate contribution to the unreimbursed or uninsured medical expenses of the child as well as to the daycare of the minor child in accordance with the child support guidelines upon his obtaining employment.
The plaintiff shall maintain medical insurance for the benefit of the minor child as available to her through her employment or at a reasonable cost.
The court has considered the issue of alimony, and finds after reviewing the statutory criteria alimony shall not be either paid or awarded to either party. CT Page 10553
The defendant had quit claimed to the plaintiff the jointly owned real estate known as 15 Madsen Hill Road in South Glastonbury, Connecticut. The plaintiff is ordered to hold the defendant harmless on any mortgage or other obligation associated with that property. Upon refinancing or sale of the property, she shall send notice to the defendant advising him that the mortgage bearing his name has been fully satisfied.
The plaintiff shall notify the defendant as to the daycare provision being made for the child. Specifically, she shall notify the defendant of the daycare facility at which the child is enrolled.
The defendant shall remove his personal property located at 50 Madsen Hill Road including but not limited to tools, automobiles and miscellaneous personal property on or before August 28, 2002. If he fails to do so, the plaintiff shall be free to sell or dispose of that property at her discretion without accounting to the defendant.
 ___________________ Antonio C. Robaina, J.